CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
APR 07 2006
JOHN F. CORCORAN, CLERK
BY: H McDonald
   DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| CHARLIE VAYSHONE GREEN, | ) |
| Petitioner, | ) Civil Action No. 7:05CV00713 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| FEDERAL BUREAU OF PRISONS, | ) By Hon. Jackson L. Kiser |
| Respondent. | ) Senior United States District Judge |

The petitioner, Charlie Vayshone Green, a federal inmate proceeding pro se, filed this action against the Federal Bureau of Prisons on November 17, 2005. Because the petitioner's complaint appeared to challenge the execution of his federal sentence, the complaint was construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241. The petition is presently before the court on the respondent's motion to dismiss. For the following reasons, I will grant the respondent's motion.

## Background

In 2002, Green was convicted of possessing with the intent to distribute cocaine and ecstacy, in violation of 21 U.S.C. § 841(a)(1), in the United States District Court for the Western District of North Carolina. Green was sentenced to a total term of imprisonment of 46 months. At the time this action was filed, Green was incarcerated at the United States Penitentiary in Jonesville, Virginia.[1] Green alleged in his complaint that the Bureau of Prisons and the prison were refusing to comply with an "immediate release order" that was issued in conjunction with a civil settlement, and that they were accepting bribes to keep him incarcerated.

---

[1] The petitioner is now incarcerated at the Federal Medical Center in Butner, North Carolina.

The respondent moved to dismiss the petition on February 1, 2006. Because the petitioner has now filed a response, the respondent's motion is ripe for review.

Discussion

The respondent argues that Green's petition must be dismissed because he failed to exhaust available administrative remedies. It is well established that a federal prisoner challenging the execution of his sentence must first exhaust administrative remedies before seeking review in federal court pursuant to § 2241. See Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001); Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir. 1981); McClung v. Shearin, 90 Fed. Appx. 444, 445 (4th Cir. 2004). Failure to exhaust may only be excused by a showing of cause and prejudice. McClung, 90 Fed. Appx. at 445.

The Bureau of Prisons has established a three-tiered administrative remedy process through which an inmate may seek formal review of issues that relate to any aspect of his confinement. 28 C.F.R. § 542.10. Ordinarily, an inmate must first attempt to informally resolve the issues with a staff member. 28 C.F.R. § 542.13(a). If informal resolution is not successful, the inmate may file a formal written complaint addressed to the Warden. This complaint must be filed within twenty calendar days of the date on which the basis for the complaint occurred. 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the Warden's response, that response may be appealed to the Regional Director within twenty calendar days of the date on which the Warden signed the response. 28 C.F.R. 542.15(a).

Prison records indicate that on August 3, 2005, Green filed an administrative remedy request with the Regional Office alleging false imprisonment. See Respondent's Exhibit A, ¶ 7.

2

The Regional Office rejected the request because it did not raise a sensitive issue[2], and because Green failed to first file a request at the institutional level for the Warden to review. Id. Green was advised to file a request at the institutional level. Id. Green filed another administrative remedy request for false imprisonment with the Regional Office on November 7, 2005. Id. at ¶ 8. This request was also rejected because Green failed to file a request at the institutional level before filing an appeal to the regional level. Id. On December 16, 2005, Green filed an administrative remedy request with the Regional Office alleging that he should have been released. Id. at ¶ 9. The Regional Office rejected the request because it did not involve a sensitive issue, and therefore, should have been filed at the institutional level. Id. Green was advised to file his request at the institutional level. Id. However, Green filed no further administrative remedy requests pertaining to the allegations in the instant petition.

Because Green failed to properly exhaust his administrative remedies, and he has offered no reason to excuse his default, I agree with the respondent that his petition must be dismissed.[3] Accordingly, I will grant the respondent's motion. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

---

[2] If an inmate reasonably believes that the issue raised is sensitive, and that his safety would be jeopardized if the request was known at the institution, he may submit the request directly to the Regional Director. See 28 C.F.R. § 542.14(d)(1). If the Regional Director does not agree that the request is sensitive, the request will not be accepted, and the inmate will be advised of the determination in writing. Id. The inmate may pursue the matter by resubmitting a complaint locally to the Warden. Id.

[3] Having concluded that Green's petition must be dismissed, Green's "motion for trial" (docket #12), his motion to amend his complaint to include an additional respondent (docket #16) and his motion for further investigation by the court (docket #21) will be denied.

3

**ENTER**: This  7th  day of April, 2006.

                                       Senior United States District Judge